United States District Court
for the
Southern District of New York

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT<br><br>Plaintiff<br>v.<br><br><br>ANNA GREGOREC AKA ELIZABETH GREGOREC AKA ELIZABETH A. GREGOREC, FRANK GREGOREC<br><br>Defendant(s) | Civil Action No. 19-cv-10482<br><br>**COMPLAINT** |

Plaintiff, by its attorneys Gross Polowy, LLC, for its complaint against the Defendants alleges as follows:

## INTRODUCTION

1.  This action is brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose a Mortgage encumbering 1108 River Road, Newburgh, NY 12550, together with the land, buildings, and other improvements located on the Property ("Property"). The legal description of the Property is attached as Schedule B.

## PARTIES

2.  U.S. Bank, National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT is a national banking association with its main office as set forth in its Articles of Association located at 425 Walnut Street, Cincinnati, OH 45202. U.S. Bank National Association, Not in Its Individual Capacity but Solely as Trustee is empowered to hold, manage, and dispose of assets of the RMAC Trust, Series 2016-CTT and prosecute legal actions on behalf of the RMAC Trust, Series 2016-CTT, including this residential mortgage foreclosure action. U.S. Bank National Association, Not in Its Individual Capacity but Solely as Trustee has legal title to and manages the assets of the RMAC Trust, Series 2016-CTT and controls the litigation on behalf of the RMAC Trust, Series 2016-CTT.

3.  Plaintiff is the owner and holder of the subject Note and Mortgage. Attached here as Schedule A is a copy of the original consolidated note.

4.	Defendant Anna Gregorec AKA Elizabeth Gregorec, AKA Elizabeth A. Gregorec is a citizen of New York because she is domiciled in New York, and the owner of the Property.

5.	Defendant Frank Gregorec is a citizen of New York because he is domiciled in New York, and the owner of the Property.

6.	The Defendants hold an ownership interest in the Property that is subject and subordinate to Plaintiff's Mortgage within the meaning of RPAPL §1311(1).

## STATEMENT OF JURISDICTION

7.	Federal subject matter jurisdiction exists pursuant to 28 USC §1332 because complete diversity exists among the Plaintiff and the Defendants and the amount in controversy, without interest and costs, exceeds the $75,000.00.

## VENUE

8.	Venue is proper pursuant to 28 USC §1391 because the Property is located in this District and a substantial part of the events and omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

9.	On February 16, 2007, Anna Gregorec AKA Elizabeth Gregorec AKA Elizabeth A. Gregorec and Frank Gregorec executed and delivered a Note whereby Anna Gregorec AKA Elizabeth Gregorec AKA Elizabeth A. Gregorec and Frank Gregorec promised to pay the sum of $87,547.14 plus interest on the unpaid amount due.

10.	As security for the payment of the Note Anna Gregorec AKA Elizabeth Gregorec, AKA Elizabeth A. Gregorec and Frank Gregorec duly executed and delivered a Mortgage, in the amount of $87,547.14 which was recorded as follows:

Recording Date: February 20, 2007
Book 12369/Page 549
Office of the Orange County Clerk

11.	On January 24, 2008, Anna Gregorec AKA Elizabeth Gregorec AKA Elizabeth A. Gregorec and Frank Gregorec executed and delivered a Mortgage and Consolidation Agreement which was consolidated with the Mortgage dated February 16, 2007 and recorded February 20, 2007 in the Office of the Clerk of Orange County in Liber 12369, Page 549 in the original amount of $87,547.14 to form a new lien of $95,234.82. The Mortgage and Consolidation Agreement added $9,259.33 to the Mortgage dated February 16, 2007 and recorded February 20, 2007 in the Office of the Clerk of Orange County and was recorded as follows:

Recording Date: January 28, 2009
Book 12607/Page 28
Office of the Orange County Clerk

12. The Mortgage was assigned to Household Finance Realty Corporation of New York.

13. On September 24, 2008, Anna Gregorec AKA Elizabeth Gregorec AKA Elizabeth A. Gregorec and Frank Gregorec executed and delivered a Mortgage and Consolidation Agreement which was consolidated with the Mortgage and Consolidation Agreement dated January 24, 2008 and recorded January 28, 2009 in the Office of the Clerk of Orange County in Liber 12607, Page 28 in the original amount of $95,234.82 to form a new lien of $120,794.34. The Mortgage and Consolidation Agreement added 25,568.46 to the Mortgage and Consolidation Agreement dated January 24, 2008 and recorded January 28, 2009 in the Office of the Clerk of Orange County in Liber 12607, Page 28 and was recorded as follows:

Recording Date: September 30, 2008
Book 12735/Page 1696
Office of the Orange County Clerk

14. The Mortgage was assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

15. The Mortgage was subsequently assigned to U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT.

16. Anna Gregorec AKA Elizabeth Gregorec AKA Elizabeth A. Gregorec and Frank Gregorec failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on January 1, 2019 and subsequent payments.

17. There is now due and owing on the Note and Mortgage the following amounts:
Principal Balance: $111,693.19
Interest Rate: 3.59%
Date Interest Accrues from: December 1, 2018

There is now further due and owing on said mortgage the following deferred amount:
Deferred Balance: $50,545.36
Interest Rate: 0%

together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure.

18. In order to protect the value of the Property and its rights in the Property, the Plaintiff may have to pay taxes, assessments, water charges, insurance premiums, and other charges. Plaintiff requests that any amount it pays, together with interest, be included in the total amount due.

19. Plaintiff has complied with the notice provision of the Mortgage and RPAPL Section 1304 and filed the information required by RPAPL Section 1306. The Mortgage was originated in compliance with all provisions of Section 595-a of the New York Banking Law and any rules or regulations promulgated thereunder, and, if applicable, Sections 6-l or 6-m of the Banking Law.

20. No action was brought to recover any part of the Mortgage debt or if any such action is pending final judgment for Plaintiff was not rendered and it is the intent of the Plaintiff to discontinue it.

**WHEREFORE, PLAINTIFF DEMANDS**:
a. Judgment accelerating the maturity of the debt and determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest;
b. A referee be appointed to sell the Property at auction to the highest bidder, in accordance with to RPAPL Article 13;
c. The interest of the defendants and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the Property be forever extinguished;
d. The Plaintiff be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with to RPAPL Article 13;
e. The property be sold in as is condition, subject to the facts an inspection or accurate survey of the Property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America;
f. Plaintiff may purchase the Property at the sale;
g. A receiver be appointed for the Property, if requested by Plaintiff;
h. A deficiency judgment against Anna Gregorec AKA Elizabeth Gregorec, AKA Elizabeth A. Gregorec and Frank Gregorec, to the extent allowable by law, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise uncollectable, be granted if requested by Plaintiff;

    i. If the Plaintiff possesses other liens against the Property, they not merge with the Mortgage being foreclosed and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale;

    j. That the Court award Plaintiff additional relief that is just, equitable and proper.

Dated: October 4, 2019
       Westbury, New York

By:
/SJV/
Stephen J. Vargas, Esq.
Attorneys for Plaintiff
900 Merchants Concourse, Suite 201
Westbury, New York 11590-5114
Tel.: (716)204-1700

## **Schedule A**

Attached here as Schedule A is a copy of the original consolidated note. If applicable, certain non-public personal information has been redacted from the attached document.

Case 7:19-cv-10482 Document 1 Filed 11/12/19 Page 6 of 15

## NOTE ALLONGE

LOAN NUMBER: ███████

NOTE AMOUNT: $120,794.34

NOTE DATE: 09/24/2008

ORIGINATOR: HOUSEHOLD FINANCE REALTY CORPORATION OF NEW YORK

BORROWER NAME: FRANK GREGOREC AND ELIZABETH GREGOREC

PROPERTY ADDRESS: 1108 RIVER RD
NEWBURGH, NY 12550

PAY TO THE ORDER OF, WITHOUT RECOURSE:

**U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT**

ASSIGNOR:

**US BANK TRUST N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST
BY RUSHMORE LOAN MANAGEMENT SERVICES LLC, ITS APPOINTED ATTORNEY IN FACT**

BY: _____

PRINT NAME: ENADIA PIERCE
TITLE: ASSISTANT VICE PRESIDENT

## ALLONGE TO NOTE

| | |
|---|---|
| Service #: | **59863AL2** |
| Control Number: | ▮ |
| Allonge to Note Dated: | **9/24/08** |
| And Executed by: | **FRANK GREGOREC AND ELIZABETH GREGOREC** |
| Property Address: | **1108 RIVER RD, NEWBURGH, NY 12550-1189** |
| Loan Amount: | **$120,794.34** |
| Pay to the order of: | **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST** |
| Without recourse: | **HOUSEHOLD FINANCE REALTY CORPORATION OF NEW YORK, BY CALIBER HOME LOANS, INC., AS ATTORNEY IN FACT** |
| By: | *[signature]* Jennifer Martin |
| Title: | **Authorized Signatory** |

980439
FRANK GREGOREC
VERI

Kasota
VOLT 2014-NPL-G19-PRIV

Prepared By: ANDI D FITTS

CAALNG

# LOAN AGREEMENT
### Including Truth-in-Lending Disclosure

**Lender:** (Called "We", "Us", "Our")
HOUSEHOLD FINANCE REALTY CORPORATION OF NEW YORK
1955 SOUTH ROAD SUITE 8
SOUTH RD SQ SHPG CTR
POUGHKEEPSIE, NY 12601

**Borrowers:** (Called "You", "Your")
FRANK GREGOREC
ELIZABETH GREGOREC
1108 RIVER RD
NEWBURGH, NY 12550

**Date of Loan:** 09/24/2008 | **Loan Number:** [redacted]

In this agreement, "you", "your" mean the Borrower(s) who signs this agreement. "We", "us" and "our" refer to the Lender. This agreement covers the terms and conditions of your loan. It is important to us that you clearly understand the features of your loan. Please read this agreement carefully, and ask us any questions you may have.

## Truth-in-Lending Disclosure

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 7.909% | $194,248.35 | $119,999.25 | $314,247.60 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 1 | $872.91 | 10/24/2008 |
| 359 | $872.91 | Day 24 of each month thereafter. |

**Assumption:** Someone buying your home cannot assume the remainder of the mortgage on the original terms.

**YOU ARE GIVING US A SECURITY INTEREST IN THE REAL PROPERTY AS DESCRIBED IN THE MORTGAGE AND LOCATED AT:**

1108 RIVER RD
NEWBURGH, NY 12550

| | |
|---|---|
| **Late Charge** | If your monthly installment is not paid in full within 15 day(s) after it is due, you will be charged a late charge equal to the LESSER of 2% of the unpaid amount of the monthly installment or $99.00. Your late charge will not be deducted from any regular installment payment. |
| **Prepayment** | You may prepay your loan in full or in part at any time without penalty. If you pay off your loan early, you will not be entitled to a refund of that part of the Finance Charge consisting of any prepaid finance charges. |

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

The Settlement Statement provides your disbursements and the itemization of the Amount Financed.

## ABOUT THE SECURITY:

| | |
|---|---|
| **Your Obligation to Insure** | You shall keep the structures located on the real property securing your loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement. If insurance covering the real property is canceled or expires while your loan is outstanding and you do not reinstate the coverage, we may obtain, at our option, hazard insurance coverage protecting our interest in the real property as outlined below. |
| **Real Property Taxes and Homeowners Insurance** | Homeowners Insurance covering fire and other hazards on the real property security is required, naming us as a loss payee for the term of your loan. You shall pay us on the day that monthly installments are due under this agreement, an additional sum (the "Funds") to be used to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the real property; (b) leasehold payments or ground rents on the real property, if any; (c) premiums for any and all insurance required by us under this agreement and the Mortgage ("Escrow Items"). You will pay us the Funds for Escrow Items unless we waive your obligation to pay the Funds for any or all Escrow Items. We may waive your obligation to pay us Funds for any or all Escrow Items at any time. Any such waiver must be in writing. In the event of such waiver, you will be solely responsible for paying the amounts due for any Escrow Items |

| | |
|---|---|
| | directly and, if we require, you shall furnish us with receipts evidencing such payment within such time period as we may reasonably require. |
| **Title Insurance** | Title insurance on the real property security is required, naming us as a loss payee. You must purchase title insurance or its local equivalent protecting our lien on the real property as a condition to obtaining your loan. You may purchase title insurance from any title insurance provider you choose that we reasonably believe provides sufficient financial protection to us. You request such title insurance and authorize us to deduct the costs of the title insurance from your loan proceeds in order to pay the title insurance provider. |
| **Lender's Right to Place Hazard Insurance** | You authorize us, at our option, to obtain hazard insurance coverage on the real property in an amount not greater than the outstanding balance of principal and interest on your loan or, if known to be less, the replacement value of the real property, in the event that you fail to maintain the required hazard insurance outlined above or fail to provide adequate proof of its existence. You authorize us to charge you for the costs of this insurance. We may choose to add the insurance charges to the unpaid balance of your loan, which will accrue interest at the Contract Rate, or bill you for the annual premium on a periodic basis. The addition of the insurance charges due might increase the amount of your final monthly installment. The cost of lender-placed hazard insurance might be higher than the cost of standard insurance protecting the real property. The lender-placed insurance will not insure the contents of the real property or provide liability coverage. The insurance might not be the lowest cost coverage of its type available and you agree that we have no obligation to obtain the lowest cost coverage. We or an affiliated company might receive some benefit from the placement of this insurance and you will be charged for the full cost of the premium without reduction for any such benefit. If at any time after we have obtained this insurance, you provide adequate proof that you have subsequently purchased the required coverage, we will cancel the coverage we obtained and credit any unearned premiums to your loan. |

## ABOUT YOUR LOAN REPAYMENT:

| | | |
|---|---|---|
| SCHEDULED MATURITY DATE | 09/24/2038 PRINCIPAL | $120,794.34 |
| MONTHS OF CONTRACT | 360 | |
| CONTRACT RATE (per year) | 7.840% | |
| AMOUNT FINANCED | $119,999.25 | |
| PREPAID FINANCE CHARGES | $795.09 | |

**Promise to Pay**

You agree to the terms of this agreement and promise to pay us the principal (Amount Financed plus prepaid finance charges consisting of Origination Fee/Points, and any interim interest reflected in your settlement statement) plus interest which is computed at a rate of 7.840% (the "Contract Rate"). You agree to pay us in monthly installments as stated in the Payments provision of this agreement. You also agree to pay us: (a) other charges as provided in this agreement; (b) credit insurance charges, if any; (c) collection costs permitted by applicable law, including reasonable attorneys' fees otherwise due under your Mortgage and (d) any other charges reflected in your settlement statement.

**Interest**

Interest will be charged on the unpaid principal until the full amount of principal has been paid. You will pay us interest at a yearly Contract Rate of 7.840%.

The interest rate required by this provision is the rate you will pay both before and after any default as described in this agreement.

After the Scheduled Maturity Date, you will pay interest at the contract rate in effect as of the Scheduled Maturity Date.

**Payments**

**Time and Place of Payments**

You will pay us principal and interest by paying your monthly installments.

You will make your monthly installments to us on the same day of each month beginning on or about 10/24/2008. You will make these monthly installments every month until you have paid all of the principal and interest and any other charges described herein that you may owe under this agreement. Your monthly installments will be applied to interest before principal. If, on the Scheduled Maturity Date, 09/24/2038, you still owe amounts under this agreement, you will pay those amounts in full on that date, which amount will include interest at the then current Contract Rate or any such other rate as required by law.

You will make your monthly installments at the address shown on page one or at the address shown on your monthly billing statement or at a different place that we may give you.

**Amount of Monthly Installments**

Your monthly installments will be in the amount of $872.91, plus the amount of any optional insurance or funds for escrow you elected.

**Prepayment**

You may prepay your loan in full or in part at any time without penalty. If you pay off your loan early, you will not be entitled to a refund of that part of the Finance Charge consisting of any prepaid finance charges.

| | |
|---|---|
| **Late Charge** | If your monthly installment is not paid in full within 15 day(s) after it is due, you will be charged a late charge equal to the LESSER of 2% of the unpaid amount of the monthly installment or $99.00. Your late charge will not be deducted from any regular installment payment. |
| **Bad Check Charge** | You agree to pay $20.00 each time any check or payment is made on your loan by any means, including but not limited to, a check or ACH (our Authorization to Debit Account), which is returned unpaid by your bank or other financial institution for any reason. You agree that we may deduct this charge from a monthly payment. |
| **Additional Charges** | You agree to pay any amounts actually incurred by us for services rendered in connection with the opening and servicing of your loan, as allowed by law. These amounts may include fees for appraisals, title examination, title insurance or its local equivalent, fees and taxes paid to public officials in connection with recording, releasing or satisfying the Mortgage and other taxes as shown in the Settlement Statement incorporated herein by this reference. You also agree to pay any other amounts incurred by us in connection with the servicing of your loan including any amounts that we may (but need not) pay or that are otherwise due under the Mortgage, incorporated herein by this reference. |
| **Default** | If you don't pay on time or fail to keep any required insurance in force, or if permitted in the event of default under the Mortgage, (1) all your payments may become due at once, and (2) without notifying you before bringing suit, we may sue you for the entire unpaid balance of Principal and accrued Interest and (3) any judgment in our favor may include our reasonable attorney's fee and court costs as determined by the court. You agree that, should we obtain judgment against you, a portion of your disposable earnings may be attached or garnished (paid to us by your employer), as provided by Federal law. You agree to pay interest on any judgment which has resulted from this Agreement at a rate of 9% per year until the judgment is paid in full. |
| **Security Interest** | You agree to give us a security interest in the real property as described in the Mortgage. |

### ABOUT OUR RELATIONSHIP:

| | |
|---|---|
| **Exchange of Information** | You understand and agree that we will call you from time to time to discuss your financial needs and any loan products that may be of interest to you as may be permitted by applicable law. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your loan documents. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. |
| **Credit Bureau Reporting** | If you fail to fulfill the terms of your loan, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency. |

| | |
|---|---|
| **Telephone Monitoring** | You agree that we may listen to and/or record telephone calls between you and our representatives for quality assurance purposes. |
| **Insurance** | Credit insurance is optional. Any applicable insurance disclosures are included with this agreement and are incorporated herein by this reference. |
| **Alternative Dispute Resolution** | The terms of the Arbitration Rider signed by you as part of your loan transaction are incorporated herein by this reference. |
| **Applicable Law** | The terms and conditions of this agreement will be governed by the Mortgage Bankers Law (MBL), Article 12-D of the Banking Law of New York, and Part 80 of the Regulations of the New York Banking Board issued under the MBL. |
| | If this loan is a first mortgage, it is a federally related loan made at an agreed rate authorized by Section 501(a), Part A, Title V, Public Law 96-221, also known as Section 1735f-7(a), Title 12, United States Code. |

If any provision of this agreement is finally determined to be void or unenforceable under any law, rule, or regulation, all other provisions of this agreement will remain valid and enforceable. Our failure to enforce any provision(s) to this agreement shall not be deemed to constitute a waiver of such term(s). In order for any amendment to this agreement to be valid, it must be agreed to by you and us.

**You acknowledge that before signing this agreement, you have read and received this agreement which includes the Federal Truth-in-Lending disclosure and, as applicable, any other riders and/or disclosures incorporated herein by reference. By signing below, you agree to observe the terms and conditions of this agreement.**

**DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.**

Borrower: _Frank Gregorec_ Date: 9-24-08
FRANK GREGOREC

Borrower: _Elizabeth Gregorec_ Date: 9/24/08
ELIZABETH GREGOREC

Witness: _____

**Schedule B – Legal Description**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Newburgh, County of Orange and State of New York, more particularly bounded and described as follows:

BEGINNING at a point in the Northeasterly boundary of the existing River Road (also known as Soap Hill Road) which point is North 63 degrees 47 minutes West, 148.50 feet from the intersection of the Northeasterly boundary of the River Road and the division line between the property of Navarino Beretta on the East and lands now or formerly of Jackson Baldwin Realty Corporation on the West;

RUNNING THENCE from said point of beginning along the Northeasterly boundary of River Road North 63 degrees 47 minutes West, 158.50 feet to a point;

THENCE through lands of the Grantor herein, North 43 degrees 21 minutes East, 100.61 feet to a point;

THENCE South 79 degrees 44 minutes East, 114 feet to a point;

THENCE South 18 degrees 17 minutes West, 129.11 feet to a point in the Northeasterly boundary of the River Road which said point is the point or place of BEGINNING.